

# NUMBER 13-14-00652-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**THE STATE OF TEXAS,** <div style="float:right">**Appellant,**</div>

**v.**

**GLENN WRIGHTMAN,** <div style="float:right">**Appellee.**</div>

---

**On appeal from the County Court at Law No. 2
of Nueces County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Benavides, Perkes, and Longoria
Memorandum Opinion Per Curiam**

On October 17, 2014, the trial court signed an order granting appellee Wrightman's motion to dismiss for lack of speedy trial. The State filed its notice of appeal on November 7, 2014. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01 (granting the state the right to appeal certain orders in criminal cases).

The State must file its notice of appeal within twenty days after the court enters the order being appealed. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(d); TEX. R. APP. P. 26.2(b). The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See id.* 26.3.

The State's notice of appeal was due on November 6, 2014. The State did not file a motion for extension of time to file its notice of appeal. On December 10, 2014, the Clerk of this Court notified the State that it appeared that the appeal was not timely perfected and that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. The State has not filed a response.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a timely filed notice of appeal, a court of appeals does not have jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

The State's notice of appeal was untimely, and accordingly, we lack jurisdiction over the appeal. *See Slaton*, 981 S.W.2d at 210. The appeal is DISMISSED FOR WANT OF JURISDICTION.

PER CURIAM

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
22nd day of January, 2015.

2